UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN TEPPER, et al., | ) | |
| Plaintiffs, | ) | Case No. 2:13-cv-00406-APG-PAL |
| vs. | ) | **AMENDED ORDER** |
| PHANTOM ENTERTAINMENT, LLC, et al., | ) | (Mtn to Withdraw - Dkt. #17) |
| Defendants. | ) | |

This matter is before the court on the Motion to Withdraw as Counsel of Record (Dkt. #17) filed September 13, 2013. Robert E. Atkinson and Robert E. Opdyke seeks to withdraw as counsel of record for Defendants Phantom Entertainment, LLC; The Krave Company, LLC; Krave Entertainment, LLC; 99 View, LLC; and Harmon Point, Inc. The Motion represents that these Defendants have failed to pay for legal services rendered, and further representation would be an unreasonable financial burden on counsel. Local Rule IA 10-6 provides that "no withdrawal . . . shall be approved if delay of discovery, the trial or any hearing in the case would result." Plaintiffs filed the Complaint (Dkt. #1) in this case on March 10, 2013. Discovery closes on March 3, 2014. *See* Scheduling Order (Dkt. #16). Counsel did not attach a certificate of service to the Motion, and accordingly, the court denied the Motion without prejudice. However, counsel filed a separate Certificate of Service (Dkt. #18) reflecting Defendants were served with the Motion.

Counsel for Plaintiffs filed a Response (Dkt. #20) on September 19, 2013, which does not dispute that counsel should be permitted to withdraw. However, Plaintiffs assert that Defendants did not provide all insurance agreements required by Rule 26(a)(1)(A)(iv). Plaintiffs request that the court direct defense counsel to conduct a "diligent and complete investigation" before they are permitted to withdraw. Defendants' initial disclosures represented that they have no insurance agreements that might satisfy all or part of a possible judgment rendered in this case or otherwise indemnify or

reimburse payments made to satisfy any judgment. Plaintiffs later learned Defendants had a comprehensive general liability policy that may be liable to satisfy all or part of any judgment rendered in this case, and defense counsel indicated they would request the policies from Defendants. However because of the strained relationship between counsel and their clients Plaintiffs are concerned that a request from counsel may not be enough to get Defendants to produce the insurance policy.

Counsel for Defendants have shown good cause to withdraw, and the court will not require counsel to continue to provide unpaid legal services to resolve whether there is or is not an insurance policy potentially available to satisfy all or part of a possible judgment in this action. These Defendants are corporations who may only appear through counsel and counsel for Plaintiffs may raise this issue with new counsel.

Having reviewed and considered the matter,

**IT IS ORDERED**:

1. The Motion to Withdraw (Dkt. #17) is GRANTED.

2. Corporations cannot appear except through counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Defendants shall have until **October 25, 2013,** in which to retain new counsel who shall file a notice of appearance in accordance with the Local Rules.

3. Failure to comply with this order may result in a recommendation to the district judge for sanctions, including case-dispositive sanctions.

4. The Clerk of Court shall serve a copy of this Order on Defendants at:

Phantom Entertainment, LLC
450 Fremont St. Ste 370
Las Vegas, NV 89101

The Krave Company, LLC
450 Fremont St. Ste 370
Las Vegas, NV 89101

Krave Entertainment LLC
450 Fremont St Ste 370
Las Vegas, NV 89101

///

Harmon Point, Inc.
450 Fremont St. Ste 370
Las Vegas, NV 89101

99View LLC
4080 Paradise Rd. #15-227
Las Vegas, NV 89169

Dated this 25th day of September, 2013.

                                                                                                                _____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE