**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN TEPPER, et al., | |
| Plaintiffs, | Case No. 2:13-cv-00406-APG-PAL |
| vs. | **REPORT OF FINDINGS AND RECOMMENDATION** |
| PHANTOM ENTERTAINMENT, LLC, et al., | |
| Defendants. | |

This matter is before the court on Defendants Phantom Entertainment, LLC's, Krave Company, LLC's, Krave Entertainment, LLC's, Harmon Point, LLC's, and 99View, LLC's (together, "Defendants") failure to comply with this court's Order (Dkt. #21) and Order to Show Cause (Dkt. #24).

On September 27, 2013, the court granted attorney Robert E. Atkinson's and Robert E. Opdyke's Motion to Withdraw as Attorney (Dkt. #17) and gave Defendants until October 25, 2013, in which to retain counsel. *See* Order (Dkt. #21). The Order directed the Clerk of the Court to serve Defendants with a copy of the Order at their last known address provided by its former counsel and advised Defendants that their failure to timely comply with the Order "may result in a recommendation to the district judge for sanctions, including case-dispositive sanctions." Order (Dkt. #21) at 2:19-20. Defendants failed to either retain counsel and did not request an extension of time in which to comply with the court's Order.

On March 3, 2014, the court entered an Order to Show Cause (Dkt. #24) based on Defendants' failure to comply with the court's Order. The court directed Defendants to show cause in writing no later than March 14, 2014, why they had not complied with the court's Order. Defendants have failed to file a response to the Order to Show Cause, and have not requested an extension of time in which to

do so. The docket reflects the Order to Show Cause was returned to the Clerk of the Court as undeliverable on March 7, 2014. *See* Dkt. #24. Defendants have failed to comply with the court's order, failed to retain counsel and failed to keep the court apprised of their current mailing address. "A party, not the district court, bears the burden of keeping the court apprised of changes in his mailing address. *See Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988). Defendants' willful failure to comply with the court's Order and Order to Show Cause is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Defendants have wilfully refused to comply with multiple court Orders and the Local Rules of Practice.

Accordingly,

**IT IS RECOMMENDED** that default judgment be ENTERED against Defendants Phantom Entertainment, LLC, Krave Company, LLC, Krave Entertainment, LLC, Harmon Point, LLC, and 99View, LLC unless Defendants retain counsel who files a notice of appearance on or before **May 13, 2014.**

Dated this 15th day of April, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's

1 | Findings and Recommendations." The parties are advised that failure to file objections within the
2 | specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153
3 | (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject
4 | to the page limitations found in LR 7-4.