**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KEVIN TEPPER and DANIEL PHELPS, <br><br> Plaintiffs, <br><br> v. <br><br> PHANTOM ENTERTAINMENT, LLC, *et al.*, <br><br> Defendants. | Case No. 2:13-cv-00406-APG-PAL <br><br> **ORDER** <br><br> (Dkt. #26) |

On April 15, 2014, Magistrate Judge Leen entered a Report & Recommendation (Dkt. #26) recommending default judgment be entered against Defendants Phantom Entertainment, LLC, Krave Company, LLC, Krave Entertainment, LLC, Harmon Point, Inc., and 99View, LLC, unless these Defendants retained counsel who filed a notice of appearance by May 13, 2014. Only Defendant 99View, LLC filed an objection. Defendant 99View's objection was filed by its managing member, Sia Amiri. There is no evidence that Amiri is an attorney. The objection does not address either 99View's failure to respond to the Court's prior Orders or its failure to obtain counsel to represent it in this action.

I conducted a de novo review of the issues set forth in the Report & Recommendation. Corporations must be represented by licensed counsel when they appear in federal court. *Rowland v. Cal. Men's, Unit II Advisory Council*, 506 U.S. 194, 202 (1993); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244 (9th Cir. 1993). "As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Rowland*, 506 U.S. at 202. The Ninth Circuit has not yet addressed whether this rule applies to limited liability companies, but those circuits that have addressed the issue have concluded that it does. *See United States v. Hagerman*, 545 F.3d 579 (7th Cir. 2008); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (internal citation omitted) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate

forms . . . , a limited liability company also may appear in federal court only through a licensed attorney."). Courts in this federal district have followed *Rowland*'s direction that all artificial entities, including LLCs, must be represented by counsel. *See, e.g.*, *Neumont Univ., LLC v. Little Bizzy, LLC*, No. 2:12-CV-1395-JAD-PAL, 2014 WL 2112938, at *2 (D. Nev. May 20, 2014); *Donovan v. Flamingo Palms Villas, LLC*, 2011 WL 1046836 (D. Nev. 2011); *Wang v. County of Nye*, 2010 WL 4553448 (D. Nev. 2010). I agree with *Rowland*'s rationale and I see no reason to differ.

Consequently, Defendants must be represented by counsel in this action. Magistrate Judge Leen gave Defendants until October 25, 2013, in which to either retain counsel or request an extension of time to comply. (Dkt. #21.) Defendants did not do so, and Judge Leen entered an Order to Show Cause (Dkt. #24) directing Defendants to show cause by March 14, 2014 why they did not comply with the prior Order. Defendants did not respond. Judge Leen nevertheless gave Defendants a final chance to appear through counsel by May 13, 2014. None has done so nor is there any indication they will comply if given more time.

IT IS THEREFORE ORDERED that the Report & Recommendation (Dkt. #26) is accepted and default judgment will be entered against Defendants Phantom Entertainment, LLC, Krave Company, LLC, Krave Entertainment, LLC, Harmon Point, Inc., and 99View, LLC.

IT IS FURTHER ORDERED that Plaintiffs Kevin Tepper and Daniel Phelps shall submit a proposed form of default judgment on or before February 13, 2015.

DATED this 20th day of January, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE